UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

GREGORY HALL SPARKMAN

       Defendant.

_____/

**INDICTMENT**

The Grand Jury charges:

### COUNT 1
(Possession of a Firearm with Obliterated Serial Number)

On or about March 26, 2019, in Chippewa County, in the Northern Division of the Western District of Michigan,

GREGORY HALL SPARKMAN

knowingly possessed a SACO-Lowell M60 .308 caliber firearm which had the manufacturer's serial number removed or obliterated and had been shipped and transported in interstate commerce.

18 U.S.C. § 922(k)
18 U.S.C. § 924(a)(1)

## COUNT 2
(Possession of Machineguns)

On or about March 26, 2019, in Chippewa County, in the Northern Division of the Western District of Michigan,

GREGORY HALL SPARKMAN

knowingly possessed the following machineguns:

1. A .308 caliber M60 machinegun manufactured by SACO-Lowell;
2. A 7.62x25mm caliber machinegun manufactured in Russia;
3. A 7.62x54Rmm caliber machinegun, manufactured by welding together three pieces of a cut receiver originally manufactured in Radom, Poland;
4. A 9mm Luger caliber machinegun, manufactured in Germany;
5. A .45 ACP caliber firearm, manufactured by Auto-Ordnance Corporation, marked "THOMPSON SUBMACHINE GUN";
6. A 9mm Luger caliber machinegun containing a conversion device and utilizing a semiautomatic configuration receiver marketed by McKay Enterprises LLC.;
7. A .22 LR caliber machinegun, incorporating a machinegun receiver of unknown origin manufactured by welding together three pieces of a Thompson model of 1928 M 1 receiver;
8. A 5.56x45mm caliber machinegun utilizing a receiver of unknown origin;
9. A .223 caliber firearm manufactured by Essential Arms Inc.;
10. A 9mm Luger caliber machinegun incorporating a machinegun receiver of unknown origin manufactured by welding three sections of an Uzi receiver together;
11. A machinegun receiver of unknown origin, marked with the Israel Defense Forces Emblem, manufactured by welding three sections of an Uzi receiver together;
12. Another machinegun receiver matching the description of machinegun 11, above;
13. A 7.62x25mm caliber machinegun of unknown origin, manufactured by cutting the barrel and barrel shroud then welding it back together in a shorter configuration;
14. A 9mm Luger caliber machinegun, bearing no manufacturer's marks, of unknown origin;
15. A 9mm Luger caliber machinegun, marked "63697" in the magazine well, of unknown origin;
16. A .40 S&W caliber machinegun, containing a machinegun conversion device and utilizing a receiver originally manufactured by Coharie Arms;
17. An M1 Carbine, .30 Carbine caliber firearm, manufactured by Inland Manufacturing Division of General Motors and containing an M2 carbine conversion kit;

18. A 9mm Luger caliber machinegun incorporating a machinegun receiver of unknown origin that has been manufactured by welding three sections of an Uzi receiver together;

19. A 9mm Luger caliber machinegun receiver of unknown origin that has been manufactured by welding two sections of a KP44-type receiver together and removing the machinegun bolt blocking feature;

20. A machinegun receiver of unknown origin that has been manufactured by welding four sections of an Uzi receiver together;

21. An Uzi-type machinegun receiver with no machinegun bolt blocking feature.

18 U.S.C. § 922(o)
18 U.S.C. § 924(a)(2)

## COUNT 3
(Possession of Silencers Not Identified by Serial Number)

On or about March 26, 2019, in Chippewa County, in the Northern Division of the Western District of Michigan,

GREGORY HALL SPARKMAN

knowingly possessed seven devices that were firearms, as defined by Section 5845(a)(7) of Title 26, United States Code, and firearm silencers as defined in Section 921(a)(24) of Title 18, United States Code, namely:

1. A metal cylindrical device approximately 3 and $^{13}/_{16}$ inches in length and approximately 2.006 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel;
2. A metal cylindrical device approximately 6 and $^{11}/_{16}$ inches in length and approximately 1.258 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel;
3. A metal cylindrical device approximately 6 and $^{7}/_{16}$ inches in length and approximately 1.250 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel;
4. A metal cylindrical device approximately 4 and $^{7}/_{8}$ inches in length and approximately 1.625 inches at its major diameter, with the rear endcap not drilled out and threaded;
5. A metal cylindrical device approximately 11 and $^{1}/_{2}$ inches in length and approximately 2.128 inches at its major diameter, with internal threads in its end-cap that facilitate attachment to a firearm barrel;
6. A metal cylindrical device approximately 4 and $^{5}/_{8}$ inches in length and approximately 1.755 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel; and
7. A metal cylindrical device approximately 4 and $^{5}/_{8}$ inches in length and approximately 1.755 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel,

which firearm silencers were not identified by a serial number as required by Title 26, United States Code, Section 5842.

26 U.S.C. § 5861(i)
26 U.S.C. § 5871

## COUNT 4
(Unlawful Making of a Firearm)

Between on or about October 12, 2016 and on or about March 26, 2019, in Chippewa County, in the Northern Division of the Western District of Michigan,

GREGORY HALL SPARKMAN

knowingly made a firearm, namely, a 9mm Luger caliber machinegun containing a conversion device and utilizing a semiautomatic configuration receiver marketed by McKay Enterprises LLC, in violation of Title 26, United States Code, Section 5822, that is, without filing a written application and without paying tax payable on the making.

26 U.S.C. § 5861(f)
26 U.S.C. § 5871

## COUNT 5
(Unlicensed Manufacturing of Firearms)

From on or about September 18, 2009 to on or about March 26, 2019, in Chippewa County, in the Northern Division of the Western District of Michigan,

GREGORY HALL SPARKMAN,

not being a licensed manufacturer of firearms within the meaning of Chapter 44, Title 18 United States Code, willfully engaged in the business of manufacturing firearms without a license.

18 U.S.C. § 922(a)(1)(A)
18 U.S.C. § 923(a)
18 U.S.C. § 924(a)(1)(D)

## FORFEITURE ALLEGATION

The allegations contained in all Counts of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c).

Upon conviction of the offenses in violation of 18 U.S.C. §§ 922(a)(1)(A), 922(k), and 922(o) and of the offenses in violation of 26 U.S.C. §§ 5861(f) and 5861(i) set forth in this Indictment,

GREGORY HALL SPARKMAN

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the offense, including, but not limited to:

1. A .308 caliber M60 machinegun manufactured by SACO-Lowell;
2. A 7.62x25mm caliber machinegun manufactured in Russia;
3. A 7.62x54Rmm caliber machinegun, manufactured by welding together three pieces of a cut receiver originally manufactured in Radom, Poland;
4. A 9mm Luger caliber machinegun, manufactured in Germany;
5. A .45 ACP caliber firearm, manufactured by Auto-Ordnance Corporation, marked "THOMPSON SUBMACHINE GUN";
6. A 9mm Luger caliber machinegun containing a conversion device, and utilizing a semiautomatic configuration receiver marketed by McKay Enterprises LLC;
7. A .22 LR caliber machinegun, incorporating a machinegun receiver of unknown origin manufactured by welding together three pieces of a Thompson model of 1928 M 1 receiver;
8. A 5.56x45mm caliber machinegun utilizing a receiver of unknown origin;
9. A .223 caliber firearm manufactured by Essential Arms Inc.;
10. A 9mm Luger caliber machinegun incorporating a machinegun receiver of unknown origin manufactured by welding three sections of an Uzi receiver together;
11. A machinegun receiver of unknown origin, marked with the Israel Defense Forces Emblem, manufactured by welding three sections of an Uzi receiver together;

12. Another machinegun receiver matching the description of machinegun 11, above;

13. A 7.62x25mm caliber machinegun of unknown origin, manufactured by cutting the barrel and barrel shroud then welding it back together in a shorter configuration;

14. A 9mm Luger caliber machinegun, bearing no manufacturer's marks, of unknown origin;

15. A 9mm Luger caliber machinegun, marked "63697" in the magazine well, of unknown origin;

16. A .40 S&W caliber machinegun, containing a machinegun conversion device and utilizing a receiver originally manufactured by Coharie Arms;

17. An M1 Carbine, .30 Carbine caliber firearm, manufactured by Inland Manufacturing Division of General Motors and containing an M2 carbine conversion kit;

18. A 9mm Luger caliber machinegun incorporating a machinegun receiver of unknown origin that has been manufactured by welding three sections of an Uzi receiver together;

19. A 9mm Luger caliber machinegun receiver of unknown origin that has been manufactured by welding two sections of a KP44-type receiver together and removing the machinegun bolt blocking feature;

20. A machinegun receiver of unknown origin that has been manufactured by welding four sections of an Uzi receiver together;

21. An Uzi-type machinegun receiver with no machinegun bolt blocking feature;

22. A metal cylindrical device approximately 3 $^{13}/_{16}$ inches in length and approximately 2.006 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel;

23. A metal cylindrical device approximately 6 and $^{11}/_{16}$ inches in length and approximately 1.258 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel;

24. A metal cylindrical device approximately 6 and $^{7}/_{16}$ inches in length and approximately 1.250 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel;

25. A metal cylindrical device approximately 4 and $^{7}/_{8}$ inches in length and approximately 1.625 inches at its major diameter, with the rear endcap not drilled out and threaded;

26. A metal cylindrical device approximately 11 and $^{1}/_{2}$ inches in length and approximately 2.128 inches at its major diameter, with internal threads in its end-cap that facilitate attachment to a firearm barrel;

27. A metal cylindrical device approximately 4 and $^5/_8$ inches in length and approximately l.755 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel; and

28. A metal cylindrical device approximately 4 and $^5/_8$ inches in length and approximately 1.755 inches at its major diameter, with a threaded hole that facilitates attachment to a firearm barrel.

18 U.S.C. § 924(d)(1)
26 U.S.C. § 5872
28 U.S.C. § 2461(c)
18 U.S.C. § 922(a)(1)(A), (k), and (o)
26 U.S.C. § 5861(f) and (i)

A TRUE BILL

_____
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____
AUSTIN J. HAKES
Assistant United States Attorney