UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

UNITED STATES OF AMERICA,  No. 2:19-CR-10-PLM

    Plaintiff,

v.  Hon. PAUL L. MALONEY
   U.S. District Judge

GREGORY HALL SPARKMAN,

    Defendant.
_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Gregory Hall Sparkman and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty.</u> The Defendant agrees to plead guilty to Count 2 of the Indictment. Count 2 charges the Defendant with possession of machineguns in violation of Title 18, United States Code, Section 922(o).

2. <u>The Defendant Understands the Crime.</u> In order for the Defendant to be guilty of violating Title 18, United States Code, Section 922(o), the following must be true: (1) that the Defendant knowingly possessed a machinegun, and (2) that the Defendant knew, or was aware of, the essential characteristics of the firearm which made it a "machinegun" as defined by Section 921(a). The Defendant is pleading guilty because the Defendant is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty.</u>  The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(o), is the following: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Supervised Release Defined.</u>  Supervised release is a period of time following imprisonment during which the Defendant will be subject to various restrictions and requirements. The Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Forfeiture.</u>  The Indictment in Case Number 2:19-CR-10 charges that the Defendant has subjected personal property to forfeiture, specifically, the firearms and silencers listed as items 1 through 28 in the forfeiture allegation in the Indictment. By entry of a guilty plea to the Indictment in Case Number 2:19-CR-10, the Defendant acknowledges that the property identified above is subject to forfeiture. The Defendant further agrees to forfeit all rights, title, and interest in and to the items, which were seized by law enforcement on or about March 26, 2019, and which the Defendant admits were

involved in the Defendant's criminal activity in violation Title 18, United States Code, Section 922(o). The Defendant agrees to the entry of an order of forfeiture at or before sentencing with respect to these items, as well as to the forfeiture of these items, which the Defendant admits are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Additionally, the Defendant agrees not to assist any other individual in contesting the forfeiture of the assets described above and agrees that there was reasonable cause to seize the items.

6. <u>Factual Basis of Guilt.</u> The Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

On or about March 26, 2019, the Defendant possessed multiple machineguns. These were firearms capable of firing more than one round of ammunition by a single function of the trigger. The Defendant knew that the firearms were machineguns because he had either fired them himself, converted them into machineguns himself by altering them in their original semi-automatic configuration, or familiarized himself with their function through research.

The machineguns were of various makes and calibers, ranging in type from Uzi and Thompson submachineguns to an M60 general purpose machinegun.

7. <u>The Defendant Agrees.</u>

a. <u>Cooperation in Criminal Investigations.</u> The Defendant agrees to fully cooperate with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in this Indictment, as well as the investigation of crimes over which they have actual or apparent jurisdiction. The Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents, and photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant will not commit any criminal offense during the course of his cooperation with the United States. The Defendant will submit to polygraph examination(s) upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and

prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

8. The United States Attorney's Office Agrees.

a. Dismissal of Other Counts/Charges. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against the Defendant at the time of sentencing. The Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement the Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

b. Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing

5

for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

    c.    <u>§ 1B1.8 Protection for Proffered Statements.</u>    The U.S. Attorney's Office agrees that information provided by the Defendant through the Defendant's proffer(s), will not be used by the Government to enhance the Defendant's sentence, in accordance with Sentencing Guidelines §1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the Government at sentencing if the Defendant takes a position at sentencing that contradicts information provided by the Defendant pursuant to this agreement or any proffer agreement.

    d.    <u>Possibility of Sentence Reduction Motions.</u>    The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines §5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. The Defendant fully understands that this paragraph is not a

for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

    c.    <u>§ 1B1.8 Protection for Proffered Statements.</u>    The U.S. Attorney's Office agrees that information provided by the Defendant through the Defendant's proffer(s), will not be used by the Government to enhance the Defendant's sentence, in accordance with Sentencing Guidelines §1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the Government at sentencing if the Defendant takes a position at sentencing that contradicts information provided by the Defendant pursuant to this agreement or any proffer agreement.

    d.    <u>Possibility of Sentence Reduction Motions.</u>    The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines §5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. The Defendant fully understands that this paragraph is not a

for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

    c.    <u>§ 1B1.8 Protection for Proffered Statements.</u>    The U.S. Attorney's Office agrees that information provided by the Defendant through the Defendant's proffer(s), will not be used by the Government to enhance the Defendant's sentence, in accordance with Sentencing Guidelines §1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the Government at sentencing if the Defendant takes a position at sentencing that contradicts information provided by the Defendant pursuant to this agreement or any proffer agreement.

    d.    <u>Possibility of Sentence Reduction Motions.</u>    The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines §5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant fully understands that such a motion may be made pursuant to law if, and only if, the Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. The Defendant fully understands that this paragraph is not a

promise by the Government to file a motion for departure or to reduce a sentence. Additionally, the Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the government, would decide how much of a departure or sentence reduction the Defendant receives based upon the nature and extent of the Defendant's assistance. The Defendant understands that any departure or sentence reduction will be limited by the statutory mandatory minimum unless the Government files a written motion to release the mandatory minimum. The Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

9. <u>The Sentencing Guidelines.</u> The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the

Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

10. <u>Waiver of Constitutional Rights.</u> By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against the Defendant.

d. The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

f. By pleading guilty, the Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

11. <u>The Court is not a Party to this Agreement.</u> The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

12. <u>This Agreement is Limited to the Parties.</u> This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

13. <u>Consequences of Breach.</u> If the Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing,

the United States shall have the right to terminate this agreement, or deny any or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

14. **This is the Complete Agreement.** This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney

1/13/2020
Date

AUSTIN J. HAKES
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

1/10/2020
Date

GREGORY HALL SPARKMAN
Defendant

I am Gregory Hall Sparkman's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

1/10/2020
Date

ELIZABETH A. LACOSSE
Attorney for Defendant